

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00214-CV

KYLE ANDERSON, M.D., PETITIONER

V.

SUZANNE STINIKER, AS ADMINISTRATOR OF THE ESTATE OF MIKEL STONE
AND AS GUARDIAN OF THE PERSON AND ESTATE OF WHITLEY TAYLOR STONE,
AND EREK MIKEL STONE, RESPONDENTS

On Appeal from the 72nd District Court
Lubbock County, Texas
Trial Court No. 2015-517,304, Honorable Ruben Gonzales Reyes, Presiding

June 15, 2016

## ORDER GRANTING PETITION FOR PERMISSIVE APPEAL

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Pending before this court is the *Application for Interlocutory Appeal* filed by Petitioner, Kyle Anderson, M.D. Respondents, Suzanne Stiniker, acting as administrator of the estate of Mikel Stone and as guardian of the person and estate of Whitley Taylor Stone, and Erek Mikel Stone, do not oppose the petition. Having considered the application, we grant the relief requested.

On May 19, 2016, the trial court signed an order denying Anderson's motion for partial summary judgment. Anderson contends that in doing so the trial court decided, as a matter of first impression, a controlling question of law concerning whether an independent contractor who provides emergency care to patients in a hospital owned or operated by a local governmental unit is a "public servant" under the damages cap found in section 108.002 of the Texas Civil Practice and Remedies Code.

On May 20, 2016, the trial court signed an order permitting interlocutory appeal and staying all proceedings in order that the trial court's decision might be reviewed. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(d) (West Supp. 2015); TEX. R. CIV. P. 168. Anderson timely filed a petition for permissive appeal on May 31, 2016. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(f) (West Supp. 2015); TEX. R. APP. P. 28.3(a), (c). Stiniker and Stone do not oppose the relief requested.

We find that the order Anderson seeks to appeal does involve a controlling question of law as to which there is a substantial ground for difference of opinion and that immediate appeal from the order may materially advance the ultimate termination of the litigation. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(d) (West Supp. 2015). Accordingly, we grant Anderson's petition for permissive appeal of the trial court's order of May 19, 2016.

Notice of appeal is deemed to have been filed as of the date of this order. TEX. R. APP. P. 28.3(k). The trial court clerk's record and the court reporter's record are due on or before June 27, 2016. TEX. R. APP. P. 28.3(k), 35.1(b). Anderson's brief will be due twenty days after the appellate record is filed, and Stiniker and Stone's brief will be

due twenty days after Anderson's brief is filed. TEX. R. APP. P. 28.3(k); 38.6(a), (b). The clerk of this court shall file a copy of this order with the trial court clerk. TEX. R. APP. P. 28.3(k).

It is so ordered.

Per Curiam